UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00244-TWP-MJD |
| | ) | |
| BOBBY CYPRUS LINHART, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S SEALED MOTION TO MAINTAIN SENTENCING
MEMORANDUM AND EXHIBITS UNDER SEAL**

Defendant Bobby Cyprus Linhart has filed a sealed Motion to Maintain his Sentencing Memorandum and attached Exhibits under Seal. [Dkt. 76.] For the reasons explained below, the motion is **DENIED**.

## I. Background

The Court previously identified several procedural errors in Defendant's motion under S.D. Ind. Local Criminal Rule 49.1-2 and ordered supplemental briefing. [Dkt. 79.] Defendant has filed a supplemental brief under seal, and his motion is now ripe for the Court's review. [Dkt. 88.]

Defendant argues that his sentencing memorandum and related documents should remain sealed because some of these documents describe his medical and mental health history, disclose his status as a crime victim, and describe "a very high level of dysfunction on the part of [his] mother while raising him," and that "[t]here is no public interest to be served by broadcasting such information years after the fact[.]" *Id.* at ¶¶ 5-6, 10-11. He states that "[p]ublishing such sensitive information in this case will have a chilling effect moving forward and will likely cause

defendant's [*sic*] in the future to hide very relevant mitigation evidence for fear it will be made public[.]"  *Id.* at ¶ 12.

Defendant has declined to redact any portions of his sentencing materials and argues that redaction could make him a target among his fellow prisoners:

> It is common practice for other inmates at the Bureau of Prisons to comb through court filings looking for any sensitive information that could be used against fellow inmates[.]  The ways in which this information might be used to prey upon another inmate may be difficult to predict but it is foreseeable that it could result in further attempts to victimize the defendant[.]  The misuse of court information by inmates also underscores the need to seal the documents and related filings rather than redact portions. Any indication that part of a filing has been removed from public viewing is presumed by inmates to be proof of cooperation with federal law enforcement. Leaving such an impression runs the risk of extreme harm to the defendant[.]

*Id.* at ¶¶ 7-8.

## II. Legal Standard

Courts must take care when determining whether to seal documents and thus shield them from the public.  This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public.  A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).  The Court has an independent obligation to ensure the public has access to court filings and "may not rubber stamp a stipulation to seal the record."  *Id.*

### III. Discussion

Defendant has been convicted of sexual crimes against children.  [Dkt. 96.]  He has chosen to submit certain aspects of his life—*i.e.*, his medical history, his mental health, his childhood, and his status as a crime victim—for the Court's consideration and has requested a more lenient sentence based on these factors.  [Dkt. 75.]  At the same time, he argues that "there is no public interest to be served by broadcasting such information years after the fact[,]" and argues that redaction is not a reasonable alternative to sealing because it could give the false impression that he has cooperated with the government and make him a target among his fellow prisoners.  [Dkt. 88 at ¶¶ 9, 11.]

The public has a strong interest in knowing the reasons why people are in prison and why some have received longer, or shorter, sentences than others.  The public is therefore entitled to access the information about Defendant that he has put at issue in his sentencing memorandum, absent a statute, rule, or court order to the contrary.  S.D. Ind. Local Crim. R. 49.1-2(e), (f).  Defendant has not cited a statute or rule that requires sealing these documents.  Instead, he essentially argues that all mitigation evidence should be sealed in every case because sensitive information could be used against defendants in prison in ways that are hard to predict and because making mitigation evidence public could chill defendants' willingness to present such evidence during sentencing proceedings.  [Dkt. 88 at ¶¶ 7-8.]  What's more, he argues that redaction is not a reasonable alternative to sealing because redactions could be incorrectly construed as indications that a defendant has cooperated with the government.  *Id.*  Thus, he effectively argues that every defendant's sentencing memorandum and mitigation evidence must be sealed *in toto* in every case to protect their safety while incarcerated and to encourage the submission of mitigation evidence.

The Court agrees that the safety of prisoners while incarcerated is an important societal interest and that mitigation evidence is an important part of ensuring that courts arrive at just and consistent sentencing decisions.  But those concerns do not require sealing all the documents that Defendant has submitted in support of his request for a lenient sentence.  There is nothing in these documents indicating that Defendant cooperated with the government.  The safety concerns Defendant sets forth in his supplemental brief are general, speculative, and unsupported by evidence, and his argument contains no citation to any legal authority.  *See United States v. Davis*, 29 F.4th 380, 385 n. 2 (7th Cir. 2022) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

The Court provided Defendant with an opportunity to request that the most sensitive information in his sentencing memorandum and exhibits be redacted as a less restrictive alternative to sealing, *see* [Dkt. 79], but Defendant has not availed himself of that opportunity and has instead doubled down on his request that all of these documents should be sealed in their entirety.  The Court notes that many of these exhibits merely express support or remorse or describe Defendant's mental health and rehabilitation efforts at a very high level without delving deeply into his medical history.  *See, e.g.* [Dkts. 75-2 (letter from mother); 75-3 (letter from stepfather); 75-4 (letter from grandmother) 75-5 (letter from great uncle); 75-6 (letter from aunt-in-law); 75-7 (allocution statement).]  There is no basis to seal or redact such documents.  The most sensitive information in these documents comes from a psychological report authored by Dr. Jolie Brams, but Defendant has not sought to redact the most sensitive portions of this report while permitting public access to Dr. Brams' general opinion about the impact of his childhood on his criminal activity.  [Dkt. 75-1.]  The Court will not perform this task for Defendant.

4

In sum, the public has a right to access the documents that Defendant submitted in support of his request for a lenient sentence.  Many of these documents merely express regret or remorse and do not delve deeply into his medical history.  One of these documents is a psychological report that could have, potentially, been partially redacted, but Defendant has refused to do so and maintains that all of his sentencing documents must be sealed in their entirety.  Defendant does not point to a statute or rule that requires that these documents be sealed, and he has not shown good cause to seal any such document in its entirety.  Accordingly, Defendant's Motion to Maintain his Sentencing Memorandum and Related Exhibits under Seal is **DENIED**.

### IV. Conclusion

For the reasons explained above, Defendant's motion is **DENIED**.  The **Clerk is directed** to unseal Docket Entries 75, 75-1 through 75-7, 76, and 88.

Pursuant to S.D. Local Criminal Rule 49.1-2(j), documents ordered unsealed by this Order shall be unsealed after 21 days of service, absent a Fed. R. Crim P. 59(a) objection, motion to reconsider, notice by a party of an intent to file an appeal, or further court order.

SO ORDERED.

Dated:  28 APR 2026 _____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record via email

James A. Edgar
J. EDGAR LAW OFFICES, P.C.
jedgarlawyer@gmail.com